UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

        No. 2:12-cr-20103
        Hon. Gerald E. Rosen

**D-1 DEMOND DESHON SMITH**,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NUNC PRO TUNC EXTENSION OF TIME TO FILE A CLAIM OF APPEAL AND TO PURSUE THE APPEAL ON DEFENDANT'S BEHALF**

On October 18, 2012, this Court accepted a Rule 11 Plea Agreement related to Defendant Demond Deshon Smith's unlawful possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e). (Dkt. # 35). As part of the Plea Agreement, Defendant agreed to "waive[] any right he may have to appeal his conviction." (*Id.* at ¶ 7). Defendant also agreed that "[i]f the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, [he] also waives any right he may have to appeal his sentence." (*Id.*). As applicable here, Part 3 of the Plea Agreement provided that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range" -- 180 to 188

1

months. (*Id.* at ¶ 3A). Part 3 also specifically noted that "the Court *must* impose a sentence of imprisonment . . . of at least fifteen years." (*Id.*).

This Court departed from the sentencing guideline range, imposed a sentence of 144 months of incarceration (below the statutory minimum), and entered Judgment setting forth Defendant's sentence on April 12, 2013. (Dkt. # 50). Contrary to the terms of his Plea Agreement, Defendant now wishes to file an appeal. Presently before this Court is Defendant's Motion for a Nunc Pro Tunc Extension of Time to File a Claim of Appeal and to Pursue the Appeal on Defendant's Behalf. (Def's Mtn., Dkt. # 61). For the reasons set forth below, this Court denies Defendant's Motion.

Federal Rule of Appellate Procedure 4(b) sets forth the time limits for filing a notice of appeal in a criminal case: "a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). To meet this deadline, Defendant needed to file his Notice of Appeal by April 26, 2013. He did not do this, and instead mailed a Notice of Appeal, *pro se*, on May 22, 2013. (Dkt. # 57).[1]

On June 4, 2013, the Sixth Circuit docketed Defendant's appeal and extended counsel's appointment under the Criminal Justice Act. The Sixth Circuit

---

[1] Because he was "an inmate confined in an institution" at this time, the Rules of Appellate Procedure provide that a "notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). The postmark on Defendant's Notice of Appeal is dated May 22, 2013.

then directed Defendant "to show cause in writing . . . why [his] appeal should not be dismissed as late." Defendant did not timely respond to this order,[2] and the Sixth Circuit dismissed his appeal as untimely on August 15, 2013. (Aug. 15, 2013 Sixth Circuit Order). Defendant now requests that this Court use its discretion under the Federal Rules of Appellate Procedure to retroactively find his Notice of Appeal timely, attributing the failure to file a timely appeal due to "the press of other obligations and oversight as to the Sixth Circuit's directive." (Def's Mtn., Dkt. # 61, at ¶ 5).[3]

Generally, a court may not extend the time to file a notice of appeal. Fed. R. App. P. 26(b)(1). The Federal Rules of Appellate Procedure, however, provide the following exception:

> Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

---

[2] Defendant's counsel filed a response in the Sixth Circuit on August 14, 2013, presenting similar arguments to those currently before this Court in Defendant's Motion -- blaming "other responsibilities, workload, and counsel's oversight" for failing to timely appeal.

[3] In addition to this Motion, Defendant also mailed this Court a letter on June 19, 2013, in which he requested an extension to file his Notice of Appeal. Due to the pendency of Defendant's appeal, this Court advised Defendant that it had no authority to act upon this request.

Fed. R. App. P. 4(b)(4). Therefore, pursuant to Rule 4(b), the outer-limits of the deadline for filing a notice of appeal -- assuming a thirty day extension under 4(b)(4) -- is forty-four days from the date of entry of judgment.

The Sixth Circuit has set forth the following standard for evaluating motions for extensions of time under Rule 4(b):

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). The term "excusable neglect" is to be liberally construed: "neglect [is] some jurisdictional act which [is] left 'undone or unattended to especially through carelessness.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993)) (emphasis and alterations omitted). "Neglect thus encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Id.* That said, "a district court should not carte blanche grant motions for extensions of time under Fed. R. App. P. 4." *Id.*; *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) ("Excusable neglect . . . is met only in extraordinary cases."). Finally, "[a]s long as a notice of appeal . . . or a document containing information required for appeal . . . is filed with the district court within forty[-four] days of judgment," that a

4

defendant files a motion to extend outside the forty-four day limit is irrelevant. *United States v. Wrice*, 954 F.2d 406, 410 (6th Cir. 1992).

Here, Defendant filed his Notice of Appeal within the forty-four day limit. Forty-four days from the entry of Judgment was May 26, 2013. Because this was a Sunday and the following day was Memorial Day, his deadline to file his Notice of Removal ran through May 28, 2013. Fed. R. App. P. 26(a)(1)(C). Defendant mailed his Notice of Removal on May 22, 2013, which would therefore be timely pursuant to Fed. R. App. P. 4(c)(1) if this Court grants Defendant's Motion.

This Court declines to do so. Even assuming a showing of excusable neglect or good cause, Defendant's request would prejudice the Government and the judicial system, as well as borders on bad faith. Defendant entered into a Plea Agreement waiving not only his ability to appeal his conviction, but his ability to appeal his sentence if this Court imposed a sentence that did not exceed 188 months. This Court substantially departed from the sentencing guideline range and imposed a sentence of 144 months of incarceration -- representing a twenty-percent downward departure from the conditions set forth in Defendant's Plea Agreement. Granting Defendant a retroactive extension to file a direct appeal when he gave up this right[4] would unfairly prejudice and burden the Government and the judicial

---

[4] Defendant has made no indication to this Court that he is challenging the validity of this waiver.

system. *See, e.g, U.S. v. Chavez*, 17 F. App'x 847, 850 (10th Cir. 2001); *U.S. v. Arzate*, 2004 WL 3037966, at *1 (D. Kan. Dec. 21, 2004) (similar).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for a Nunc Pro Tunc Extension of Time to File a Claim of Appeal and To Pursue the Appeal on Defendant's Behalf [Dkt. # 61] is DENIED.

**IT IS SO ORDERED.**


Dated: December 5, 2013  s/Gerald E. Rosen
GERALD E. ROSEN
CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 5, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, 313-234-5135