UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff/Respondent,

vs.

      Criminal No. 12-CR-20103-01
      Civil No. 14-cv-12862

      Hon. Gerald E. Rosen

**DEMOND DESHON SMITH**,

      Defendant/Petitioner.

_____/

**OPINION & ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255**

Defendant Demond Deshon Smith is currently serving a 144-month prison sentence after pleading guilty on October 18, 2012 to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Judgment, Dkt. # 50; *see also* Plea Agreement, Dkt. #35.[1] Defendant's plea agreement recognized that Defendant qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), which provides for a fifteen-year mandatory minimum prison sentence for qualifying violators of § 922(g). *Id.* Defendant's plea agreement also contained a waiver of

---

[1] Defendant was also charged with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit the same, in violation of 18 U.S.C. § 846. Indictment, Dkt. #16. These counts were dismissed as part of the plea agreement between Defendant and the Government.

1

appeal. *Id.* Following a recommendation from the Government, made pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e), for the Court to depart below the statutorily mandated minimum term based on Defendant's assistance to the Government, on April 11, 2013, the Court sentenced Defendant to a term of 144 months in prison. Judgment, Dkt. #50.[2] On May 28, 2013, Defendant filed a notice of appeal, Dkt. # 57, well outside of the fourteen-day window from the date of the judgment in which a criminal defendant must file in order for his appeal to be timely. Fed. R. App. P. 4(b)(1)(A)(i). The Sixth Circuit dismissed Defendant's appeal as untimely. Dkt. # 62. The day before the Sixth Circuit's ruling, Defendant filed a Motion on for a Nunc Pro Tunc Extension of Time to File a Claim of Appeal, Dkt. # 61, which this Court denied on December 5, 2013.

On March 30, 2015, Defendant filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Dkt. # 69. Defendant raises four grounds for relief in the Motion: (1) ineffective assistance of counsel in failing to file a timely direct appeal of his sentence; (2) improper application of the Armed Career Criminal Act ("ACCA") enhancement, based on the nature of his prior offenses; (3) improper application of U.S.S.G. § 2K2.1; and (4) ineffective assistance of counsel for

---

[2] Defendant's imprisonment further required him to participate in a drug treatment program and a vocational training program, and also imposed a 3-year period of supervised release following Defendant's prison term. *Id.*

2

failing to object to the application of the ACCA enhancement and U.S.S.G § 2K2.1 at the plea negotiation and sentencing.[3]

Section 2255 allows a federal prisoner to request to "vacate, set aside or correct" a federal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). For several reasons, the Court finds that Defendant's Motion fails to raise meritorious § 2255 grounds, and accordingly denies the Motion.[4]

---

[3] Defendant later made several motions seeking to amend his various grounds for § 2255 relief. *See* Motion to Supplement and Amend, Dkt. # 78; Motion to Amend/Correct, Dkt. # 82; Motion to Dismiss an Amended Issue, Dkt. # 83. The Court grants those Motions, and the discussion in this opinion reflects the most current position outlined by Defendant.

[4] The Government does not challenge the timeliness of Defendant's Motion under § 2255(f)(1), which provides for a "1-year period of limitation" for any filing from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "As a general matter, convictions become final upon conclusion of

Defendant first alleges ineffective assistance of counsel in failing to file a timely appeal.  Any ineffective assistance claim must demonstrate (1) "that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that such conduct was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Hill v. Lockhart*, 474 U.S. 52, 52 (1985).  Here, there is no indication that either requirement is satisfied -- Defendant's plea agreement explicitly waived his right to appeal:

---

direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, "when a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Id.*  Here, Defendant filed a late notice of appeal on May 28, 2013, which the Sixth Circuit Court of Appeals dismissed as untimely on August 15, 2013.  If that date (or the 90-day window following it during which Defendant could have filed a petition for certiorari to the Supreme Court) is the operative date, Defendant's July 22, 2014 § 2255 motion was timely.  The analysis may be complicated by the fact that Defendant potentially waived any appellate right by filing late (and further complicated by the fact that Defendant asserts that his counsel was responsible for failing to timely file), but because the Government does not rely on this ground for denial of the § 2255 motion, the Court presumes that the motion was timely filed without reaching the issue.  *See Day v. McDonough*, 547 U.S. 198, 205 (2006) ("A statute of limitations defense . . . is not 'jurisdictional,' hence courts are under no obligation to raise the time bar *sua sponte*." (emphasis omitted)).

4

> Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence.

Plea Agreement ¶ 7. Part 3 of the agreement specified that the sentence was not to exceed the Sentencing Guideline range; it was in fact below that range, so the waiver of Defendant's right to appeal his sentence also applied. The record indicates that Defendant acknowledged this condition as part of the plea agreement. *See* Sentencing Transcript, Dkt. # 64, at 22. Accordingly, Defendant's counsel did not fall below an objective standard of reasonableness in failing to file a timely appeal, as no appeal was possible under the terms of the agreement.[5]

In his second ground, Defendant argues that the Court improperly imposed a sentence under the ACCA because one of the underlying prior convictions upon which Defendant's ACCA conviction was based occurred when Defendant was 16 years old and, according to Defendant, was not a qualifying crime.[6] The ACCA provides that a defendant convicted of felon in possession of a firearm in violation

---

[5] Defendant does not argue that his counsel was ineffective in *negotiating* such a waiver or in otherwise representing Defendant in agreeing to that provision, which would be a wholly different analysis.

[6] The Government asserts that both this ground and Defendant's third ground (regarding a sentencing enhancement) are invalid because Defendant's plea agreement contained a clause preventing him from appealing his conviction or sentence. Such a clause does not, however, prevent a defendant from challenging his conviction or his sentence by post-conviction motion. *See Hardin v. United States*, 595 F. App'x 460, 462 (6th Cir. 2014) (finding waiver of collateral attack right only where plea agreement specifically noted waiver of "the right to attack collaterally the guilty plea, conviction, and sentence").

5

of 18 U.S.C. § 922(g) is subject to a mandatory sentence of fifteen years of imprisonment if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). A "serious drug offense" is a state or federal narcotics crime carrying a maximum sentence of ten years or more. *Id.* § 924(e)(2)(A).

The conviction at issue was a Michigan state law conviction for possession with intent to distribute cocaine in the amount of less than 50 grams, in violation of M.C.L. 333.7401(2)(A)(iv). Presentence Report, ¶ 35. Under Michigan law, that crime is "a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." M.C.L. 333.7401(2)(A)(iv). Accordingly, the crime qualifies as a predicate offense under § 924(e)(2)(A), as it carries a maximum sentence of more than ten years. Further, it is well established that both adult and juvenile convictions may be considered for purposes of the ACCA. *E.g.*, *United States v. White*, 455 Fed. App'x 647 652 (6th Cir. 2012). Accordingly, the Court finds that Defendant's ACCA conviction was proper, and rejects ground two of Defendant's Motion.

In his third ground, Defendant argues that there was not a "proper nexus" to apply a four-point enhancement to Defendant's Guideline range for the "[u]se[] or possess[ion] any firearm or ammunition in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B). Defendant recognizes that he was in possession

6

of a handgun during the drug transaction at issue, and admitted as much at the sentencing hearing. Plea Hearing Tr., at 25. Defendant now, however, asserts that his possession of the handgun at that time was merely coincidental to the drug transaction, and not "in connection" with it. *See United States v. Goodman*, 519 F.3d 310, 321 (6th Cir. 2008). Even taking this assertion as true, however, Defendant cannot demonstrate any prejudice resulting from the application of U.S.S.G. § 2K2.1(b)(6)(B), because the final Guideline range of 180-188 was not affected in any way by that enhancement. Not considering Defendant's ACCA conviction, Defendant's base offense level for his § 922(g) conviction was 24. Presentence Report ¶ 24. That offense level was increased by four based on the § 2K2.1(b)(6)(B) enhancement. *Id.* ¶ 25. However the application of the ACCA under 18 U.S.C. § 924(e) resulted in the automatic application of an offense level of 33, as required by U.S.S.G. § 4B1.4, entirely independent of any enhancement under § 2K2.1(b)(6)(B). *Id.* ¶ 30. Defendant's offense level was then reduced by three levels for acceptance of responsibility, yielding a final offense level of 30 and Guideline range of 151-188 months. *Id.* ¶¶ 31-32. However, the 15-year mandatory minimum provided for under 18 U.S.C. § 924(e) required a Guideline range of 180-188 months. Accordingly, the application of § 2K2.1(b)(6)(B) had no effect on Defendant's ultimate Guideline range. Further, the Court departed downward significantly from Defendant's Guideline range, sentencing Defendant

to only 144 months in prison. Accordingly, the Court finds no merit in Defendant's ground three.

Finally, in his fourth ground, Defendant asserts that his counsel was ineffective in failing to identify and make the arguments he raises in his second and third ground, both at the plea negotiation and sentencing stages. As discussed above, an ineffective assistance claim must demonstrate that the representation fell below an objective standard of reasonableness and prejudiced the defendant. Because the defendant's ACCA conviction was proper and third ground, there is no indication that Defendant's counsel erred in any way, let alone fell below an objective standard of reasonableness, in negotiating Defendant's plea agreement or at sentencing. Accordingly, the Court finds no merit in Defendant's ground four.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Vacate Sentence (Dkt. # 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 17, 2015      s/Gerald E. Rosen
                              Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2015, by electronic and/or ordinary mail.
                              s/Julie Owens
                              Case Manager, (313) 234-5135