UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff/Respondent,

vs.

No. 12-CR-20103
Hon. Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

**D-1 DEMOND DESHON SMITH**,

    Defendant/Petitioner.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT UNDER RULE 59(e)**

Defendant Demond Deshon Smith is currently serving a 144-month prison sentence after pleading guilty on October 18, 2012 to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Judgment, Dkt. # 50; *see also* Plea Agreement, Dkt. #35. On November 17, 2015, this Court issued an Opinion and Order denying Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255. Dkt. ## 69 (motion), 84 (opinion and order). Judgment was entered on the same day. On December 8, 2015, Defendant filed a Motion to Amend/Correct, made pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. # 86).

1

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited to: (1) accommodating an intervening change in controlling law; (2) accounting for new evidence which was not available at trial; or (3) correcting a clear error of law or preventing manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (emphasis omitted) (quotiong *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F.3d 1339 (Fed. Cir. 1999)) (internal quotations omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present

> the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Having reviewed Defendant's submission, the Court finds that Defendant merely re-raises the same issues discussed in his Motion to Vacate Sentence (Dkt. # 69) -- he has not identified any cases or authorities that might support a result other than the one previously reached by the Court. The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Local Rule 7.1(g)(3), Eastern District of Michigan. The issues raised in Defendant's present motion were squarely addressed in the Court's November 17, 2015 Opinion and Order.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Amend/Correct (Dkt. # 86) is **DENIED**.

**IT IS SO ORDERED.**


Dated:  December 30, 2015            s/Gerald E. Rosen
                                     Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 30, 2015, by electronic and/or ordinary mail.

                                     s/Julie Owens
                                     Case Manager, (313) 234-5135