UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND DESHON SMITH,

          Petitioner,

Crim. No. 12-20103

v.

Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

          Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        May 3, 2016       

PRESENT:    Honorable Gerald E. Rosen
                          United States District Judge

By opinion and order dated November 17, 2015, this Court denied Petitioner Demond Deshon Smith's motion under 28 U.S.C. § 2255 to vacate his sentence. Petitioner now requests that the Court issue a certificate of appealability under 28 U.S.C. § 2253(c) so that he may pursue an appeal from the Court's November 17, 2015 ruling, as well as a subsequent December 30, 2015 opinion and order denying Petitioner's motion under Fed. R. Civ. P. 59(e) to alter or amend the Court's November 17 ruling.

Under the pertinent statute governing appeals from final orders in § 2255

proceedings, this Court may issue a certificate of appealability only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must consider on an issue-by-issue basis whether Petitioner has made the requisite showing. *See* 28 U.S.C. § 2253(c)(3).

Of the four claims asserted in Petitioner's underlying § 2255 motion, only one had even arguable merit. Specifically, as the second claim raised in this motion, Petitioner challenged the Court's reliance on a 1991 conviction as one of Petitioner's three prior convictions that triggered an increased 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In his initial § 2255 motion, Petitioner appeared to argue that since he was only 16 years old at the time of this 1991 conviction, this juvenile offense should not count toward the three prior convictions that would lead to an enhanced sentence under the ACCA. As the Court explained in its November 17, 2015 ruling, however, the law is clear that juvenile and adult convictions alike may be considered for purposes of the ACCA enhancement. *See* 11/17/2005 Op. and Order at 6 (citing *United States v. White,* No. 10-5068, 455 F. App'x 647, 652 (6th Cir. Jan. 12, 2012)); *see also United States v. Jarnigan,* No. 09-6012, 410 F. App'x 951, 954 (6th Cir. Feb. 11, 2011) (emphasizing that "the age of the offender has no impact on whether a serious drug crime counts as a predicate offense under

[the] ACCA"). In light of this well-settled law, the Court cannot say that Petitioner made a "substantial showing of the denial of a constitutional right" in support of the second claim asserted in his § 2255 motion, at least as this claim was characterized in Petitioner's initial motion.[1]

In subsequent submissions in further support of his § 2255 motion, however, Petitioner arguably recast and clarified his second claim as a challenge to the "procedural soundness" of his 1991 conviction. In particular, Petitioner pointed to the Sixth Circuit's ruling in *United States v. Crowell,* 493 F.3d 744, 750 (6th Cir. 2007), that "the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process," and he appeared to suggest that his 1991 conviction did not meet the standards for "procedural soundness." Yet, the state court materials provided by Petitioner in support of this argument fail to

---

[1]The Court notes that Petitioner's second claim, as presented in his initial § 2255 motion, also appeared to rest in part upon the commentary to the "career offender" provisions of the U.S. Sentencing Guidelines. In particular, Petitioner pointed to language in the application notes to § 4B1.2 of the Guidelines stating that a "prior felony conviction" within the meaning of §§ 4B1.1 and 4B1.2 encompasses only "adult" convictions, *see* U.S. Sentencing Guidelines § 4B1.2, cmt. n.1, and he suggested that his 1991 conviction did not meet the criteria set forth in the Guidelines for an adult conviction. Yet, because Petitioner was subject to a statutory sentencing enhancement under the ACCA, this case does not present the question whether Petitioner's criminal history might have triggered the "career offender" provisions of the Sentencing Guidelines. *See Jarnigan,* 410 F. App'x at 954 (explaining that "whether an offense merits a criminal history point under the Guidelines is a separate question from whether it is recognized under [the] ACCA"). Accordingly, this aspect of Petitioner's second claim does not implicate a substantial question as to the denial of a constitutional right.

cast any doubt on the "procedural soundness" of his 1991 conviction. To the contrary, the judgment produced by Petitioner for this 1991 conviction states that he was represented by counsel, *see* Dkt. 82, Page ID 390, and Petitioner's presentence report likewise states without contradiction that Petitioner was represented by counsel in connection with this 1991 offense, *see* Presentence Report at ¶ 35. As the Sixth Circuit has explained, a federal sentencing proceeding ordinarily does not provide an opportunity for review of a state court conviction, except where "the defendant was denied counsel entirely" in the state court proceeding. *United States v. Laferriere,* No. 09-1369, 399 F. App'x 65, 69 (6th Cir. Oct. 18, 2010). Moreover, to the extent that Petitioner suggested in his submissions in support of his § 2255 motion that either the Government or this Court was obligated to affirmatively inquire into and establish the "procedural soundness" of his 1991 conviction, the Sixth Circuit has confirmed that a defendant bears the threshold burden of producing evidence in support of a due process challenge to a predicate ACCA conviction, *see Laferriere,* 399 F. App'x at 68-69, and Petitioner produced no such evidence here. Accordingly, even under the most generous reading of the second claim asserted in Petitioner's § 2255 motion, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, such that a certificate of appealability would be

warranted.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's February 3, 2016 request for a certificate of appealability (docket #90) is DENIED.

s/Gerald E. Rosen  
United States District Judge

Dated:  May 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2016, by electronic and/or ordinary mail.

        s/Julie Owens  
        Case Manager, (313) 234-5135