UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND DESHON SMITH,

    Petitioner,
                                             Civil Case No. 14-12862
                                             Criminal Case No. 12-20103-1
v.                                              Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.
_____/

ORDER TRANSFERRING PETITIONER'S
MOTION TO SIXTH CIRCUIT COURT OF APPEALS
AS SECOND REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 30, 2017      

PRESENT:    Honorable Gerald E. Rosen
                        United States District Judge

In an opinion and order dated November 17, 2015, the Court denied Petitioner Demond Deshon Smith's motion under 28 U.S.C. § 2255 to vacate his sentence. Through the present motion filed on September 19, 2016 — over ten months after the Court's November 2015 ruling[1] — Petitioner seeks to invoke Fed.

---

[1] During this ten-month period, Petitioner sought to appeal this Court's ruling, but both this Court and the Sixth Circuit determined that he was not entitled to a certificate of appealability. Petitioner has since filed a petition with the Supreme Court for a writ of certiorari, and it appears that this petition is still pending.

R. Civ. P. 59(e) and 15(a) as authorizing the post-judgment amendment of his § 2255 motion to assert a claim based on the Supreme Court's recent decision in *Mathis v. United States,* __ U.S. __, 136 S. Ct. 2243 (2016). As discussed briefly below, Petitioner's present motion is properly construed as a second request for relief under § 2255, and it follows that he must secure the requisite certification from the Court of Appeals before he may pursue his proposed new claim.

Despite the caption of Petitioner's motion, the Court must decide whether this motion actually is "a second or successive application for habeas relief in disguise." *Moreland v. Robinson,* 813 F.3d 315, 322 (6th Cir. 2016). Because Petitioner "seeks to add a new ground for relief" from his sentence in light of the recent *Mathis* decision, it is clear that he wishes to pursue an additional claim under § 2255, beyond those that he asserted in his initial § 2255 motion. *Moreland,* 813 F.3d at 322-23. Nonetheless, Petitioner points to the Sixth Circuit's decision in *Clark v. United States,* 764 F.3d 653, 658-60 (6th Cir. 2014), as dictating that his present motion to amend should ***not*** be treated as a second petition for relief under § 2255. In particular, Petitioner cites a passage in *Clark* stating that "[a] motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § motion is complete — *i.e.,* before the petitioner has lost on the merits and exhausted her appellate remedies."

2

764 F.3d at 658. Petitioner suggests that this principle applies here, where he filed his present motion before the expiration of his deadline for requesting a writ of certiorari from the Supreme Court.

As the Sixth Circuit has more recently explained, however, the "broad language" in *Clark* regarding the exhaustion of appellate remedies is inconsistent with the court's prior published decision in *Post v. Bradshaw,* 422 F.3d 419 (6th Cir. 2005), and this earlier ruling therefore is controlling. *See Moreland,* 813 F.3d at 324-25. Upon reconciling the decisions in *Post* and *Clark,* the Sixth Circuit held that a "motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired." *Moreland,* 813 F.3d at 325. Because Petitioner had already sought to appeal from this Court's denial of his § 2255 motion — and, in fact, the Court of Appeals had already denied his request for a certificate of appealability — before he filed his present motion to amend, *Moreland* dictates that this submission must be treated as a second or successive motion for relief under § 2255.

It follows that Petitioner must seek authorization from the Court of Appeals in order to pursue this "second or successive" collateral challenge to his sentence.

*See* 28 U.S.C. § 2255(h) (mandating that a "second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals"); *see also In re Sims,* 111 F.3d 45, 46 (6th Cir. 1997). Accordingly, the Court cannot act upon Petitioner's present motion, but instead must transfer this matter to the Sixth Circuit for its determination whether Petitioner should be granted the requisite authorization to file the present motion, his second under § 2255. *See* 28 U.S.C. § 1631; *In re Sims,* 111 F.3d at 47.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's September 19, 2016 motion to alter, supplement, and amend his 28 U.S.C. § 2255 motion (docket #95) is TRANSFERRED to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination whether Petitioner may file a second § 2255 motion with this Court.

                                            s/Gerald E. Rosen
                                            United States District Judge

Dated: January 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2017, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager, (313) 234-5135