UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMOND DESHON SMITH,

    Defendant.
_____/

Case No. 12-20103

Stephanie Dawkins Davis
United States District Judge

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (ECF No. 100)

## I. Introduction

Before the court is Defendant Demond Smith's Motion for a Reduction of Sentence (ECF No. 100). Smith is presently serving a 144-month sentence in federal prison after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g) before now retired United States District Judge Gerald Rosen. (ECF No. 50, PageID.107–08).

On December 7, 2020, Smith submitted a request for compassionate release to the Bureau of Prisons, which was denied. (ECF No. 100, PageID.489-90). On January 21, 2021, Smith filed a motion before this court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 100). The court thereafter issued an order appointing counsel for Smith. (ECF No. 104). On April 23, 2021, Smith filed a supplemental brief. (ECF No. 107). The Government opposes

1

Smith's motion. (*See* ECF Nos. 109, 111). For the reasons set forth below, the court will deny Smith's motion.

**II.     Legal Standard**

Under 18 U.S.C. § 3582, a district court is permitted to consider requests for compassionate release, as an exception to the general rule that courts "may not modify a term of imprisonment once it has been imposed." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). A defendant may file such a request after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days [] whichever is earlier." 18 U.S.C. § 3582(a). For defendants under 70 years of age, the court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors set forth in section 3553(a)." U.S.C. § 3582(c)(1)(A). However, where a defendant does not demonstrate any extraordinary or compelling reasons to reduce his sentence, the court need not analyze whether a sentence reduction is appropriate under § 3553(a). *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Since this motion was filed, the United States Court of Appeals for the Sixth Circuit has clarified the law governing COVID-19 related compassionate release motions. In *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), the court held that when a defendant "has access to the COVID-19 vaccine," incarceration during the COVID-19 pandemic and potential exposure to the virus "does not present an extraordinary and compelling reason warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. Oct 8. 2021). In *United States v. Traylor,* 16 F.4th 485, 486 (6th Cir. Nov. 1, 2021), the court affirmed a district court's denial of a motion for compassionate release based on the defendant's underlying medical conditions where the defendant had access to the COVID-19 vaccine, thus "significantly reducing her risk of contracting and becoming severely ill from COVID-19."

And finally, this district in *United States v. Black*, Case No. 07-cr-20535, 2021 WL 5162026, *1 (E.D. Mich. Nov. 5, 2021) denied a motion for a sentence reduction even after the defendant had already contracted COVID-19 in custody. The *Black* court reasoned that, although the defendant cited an increased and continued risk from COVID-19 due to an underlying medical condition (sickle-cell trait), the defendant had been given access to the COVID-19 vaccine and his further "potential exposure to the virus while in custody [did] not present an extraordinary and compelling reason warranting" his release. *Id.*

## III.   Discussion

Here, Smith argues two "extraordinary and compelling reasons" under U.S.C. § 3582(c)(1)(A)(i) which warrant a reduction in his sentence.  Smith contends that compassionate release is called for because of a "risk for serious, long-term health consequences" from the COVID-19 virus due to his underlying medical conditions coupled with his alleged "positive response to his term of incarceration."  (ECF No. 107, PageID.548-49).  More particularly, Smith points out that he meets the CDC guidelines for morbid obesity and that he has a family and personal history of hypertension.  (*Id.*).  He also argues that the factors in 18 U.S.C. § 3553(a) further support release.  (*Id.* at PageID.556-563).  In this regard, he highlights the rehabilitative progress he has made during his imprisonment.  The Government disagrees that the factors Smith has offered justify compassionate release, arguing that despite Smith's underlying medical conditions, his status as a vaccinated inmate means he no longer has any extraordinary and compelling reasons for a compassionate release.  The Government also argues that Smith has not exhausted his administrative remedies.  (ECF No. 109, PageID.589).

As an initial matter, this court finds that Smith has exhausted his administrative remedies per 18 U.S.C. § 3582 and that this motion is thus not barred.  On December 7, 2020, Smith sent a message to the warden in which he requested compassionate release, "DUE TO THE INCREASED RATE OF

COVID IN THIS HERE INSTITUTION." (ECF No. 107-2, PageID.567). The warden issued a response on December 15, 2020 advising Smith that his request was denied. (*Id*.) While Smith did not provide the same detailed grounds for release in his request to the warden that he has included in the instant motion, the court finds his request was sufficient exhausted his administrative remedies. *See United States v. Ferguson,* Case No. 10-20403, 2021 WL 1685944 (E.D. Mich. Apr. 29, 2021) (holding that § 3582(c)(1)(A) does not require issue exhaustion, and therefore finding that a prisoner had exhausted his administrative remedies where his request was first denied by a warden and then filed in district court with additional grounds for release included.).

However, in line with the Sixth Circuit's holdings in *Lemons* and *Traylor*, the continued COVID-19 pandemic and Smith's underlying medical conditions do not singularly or collectively present extraordinary or compelling reasons supporting a sentence reduction. Smith specifically outlines "the risk the continued presence of the virus at [his prison]" and his "risk for serious, long-term health consequences as a result of his exposure to COVID-19" in view of his hypertension, bronchitis, obesity, and history as a smoker. (ECF No. 100, PageID.478; ECF No. 107, PageID.548-49). However, Smith received his initial vaccination on May 12, 2021, and the Government indicated that he was scheduled to receive a second dose shortly after. (ECF No. 109, PageID.592). Therefore, as

in *Traylor*, denial is appropriate since Smith has access to a COVID-19 vaccine which will "significantly reduce [his] risk of contracting and becoming severely ill" in the future. *Traylor*, 16 F.4th at 486. As Smith has been vaccinated against the COVID-19 virus, his potential future exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" a sentence reduction. *Lemons*, 15 F.4th at 751.

Furthermore, Smith's argument about his rehabilitation does not represent an extraordinary or compelling reason for a sentence reduction. As Smith acknowledges in his motion, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." (ECF No. 107, PageID.551 (citing 28 U.S.C. § 994(t); see also *Lemons*, 15 F.4th at 751 ("rehabilitation alone does not provide a proper basis for relief.") (internal citation omitted). Nonetheless, Smith argues that rehabilitation "can be used, in conjunction with other factors, to justify a reduction." (ECF No. 107, PageID.551 (*citing* United States v. Castillo, 2020 WL 2820401, at *4 n.17 (S.D. Tex. May 29, 2020)). However, the Sixth Circuit has recently held that "the combination of grounds for release, none of which independently supports a sentence reduction, does not collectively entitle a defendant to a sentence reduction. *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021).

6

Here, the only other factors Smith has argued pertain to an alleged increased risk for exposure at his facility and his underlying medical conditions. But, as discussed above, those factors are adequately offset by Smith's access to the vaccine. Thus, Smith's positive rehabilitation stands alone as his justification. And while his rehabilitation is laudable, it is insufficient. Therefore, Smith's rehabilitation argument fails.

Because Smith has not demonstrated extraordinary and compelling reasons to reduce his sentence, the court need not analyze the relevant section 3553(a) factors. *United States v. Navarro, 986 F.3d 668, 670 (6th Cir. 2021).*

## IV. Conclusion

Accordingly, it is **ORDERED** that the defendant's motion for a reduction in sentence (ECF No. 100) is **DENIED**.

Dated:       December 20, 2021

                                           s/Stephanie Dawkins Davis
                                           HON. STEPHANIE DAWKINS DAVIS
                                           United States District Court Judge