UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-20103 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| DEMOND DESHON SMITH, | |
| Defendant. | |
| _____/ | |

**ORDER GRANTING PETITION FOR EARLY**
**TERMINATION OF SUPERVISED RELEASE (ECF No. 116)**

In 2013, the court sentenced Smith to 144 months imprisonment for violations of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e) and also sentenced him to a term of three years of supervised release.  (ECF No. 50).

Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  (ECF No. 116).  While the government opposes the petition, Smith's probation officer supports his petition.  The probation officer, in an email to the court, indicated that he has been supervising Smith for nearly 18 months, and since the onset of supervision, Smith has done exceptionally well. The officer reports that Smith works full-time and was able to establish his own residence.  Smith then moved with his cousin to avoid signing a lease agreement

1

for another year, in hopes of relocating to Kentucky with his girlfriend, where he will be able to continue his full-time employment. While on supervision, Smith has never submitted a positive drug test and there has been no criminal activity or police contact. Smith's probation officer opines that his risk level is low, given the lack of underlying violent factors in his past and how well he has done while on supervised release.

Section 3583(e)(1) requires that the movant surpass one year on supervised release, which Smith has satisfied. *United States v. Zai*, 2024 WL 84084, at *2 (6th Cir. Jan. 8, 2024). If this threshold is met, the district court "may"—after considering the factors set forth in 18 U.S.C. § 3553(a)(1) (the nature of the offense and history/characteristics of the defendant), (a)(2)(B) (adequate deterrence), (a)(2)(C) (protection of public), (a)(2)(D) (need to provide defendant with educational/vocational training), (a)(4) (applicable guideless and policy statements), (a)(5) (amendments to same), (a)(6) (avoidance of sentencing disparities), and (a)(7) (restitution)—terminate the movant's supervised release if "warranted by the conduct of the [movant] released and the interest of justice." *Id*. (quoting 18 U.S.C. § 3583(e)(1)). The court may alternatively modify the movant's term of supervised release based on the same § 3553(a) factors. *Id*. (citing 18 U.S.C. § 3583(e)(2)). The modification or early termination of

2

supervised release is a "discretionary decision" warranted only where the movant "shows changed circumstances - such as exceptionally good behavior." *Id*. (quoting *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  In addition to these factors, federal judicial policy requires that courts consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *United States v. Smith*, 2020 WL 4586183, at *1 (M.D. Tenn. Aug. 10, 2020) (citing Guide to Judiciary Policy, Vol. 83 § 380.10(b) (2010)).

While the government emphasizes Smith's conviction, criminal record, and past conduct, the government does not suggest that Smith is a danger to the community or others.  Smith's behavior while on supervised release shows that he has satisfied the factors set forth in the Guide to Judiciary Policy.  Further, none of the other § 3553(a) factors weigh against early termination of supervised release, and Smith's record while on supervised release shows "exceptionally good behavior."  The court also finds, with the strong support of Smith's probation officer, no further deterrent effect is warranted by continuing

3

supervised release. Accordingly, the court concludes no purpose under the § 3553(a) factors would be served by denying Smith's motion for early termination, and the evidence well supports early termination. *See e.g.*, *United States v. Petaway*, 2021 WL 2324678, at *1 (N.D. Ohio June 3, 2021). Thus, early termination of Smith's supervised release is warranted, and his petition is **GRANTED** and Smith's term of supervised release is **TERMINATED**.

**SO ORDERED**.

Date: February 5, 2024         s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge